UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 75-CR-26-3-F
No. 5:06-CV-23-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JEFFREY R. MacDONALD, | ) | |
| Movant. | ) | |

On February 27, 2012, Christine Mumma, Executive Director of the North Carolina Center on Actual Innocence, filed a Notice of Waiver of Appointed Counsel [DE-241] on behalf of movant, Jeffrey R. MacDonald. It had been this court's impression that Ms. Mumma represents MacDonald only with regard to his Motion for a New Trial [DE-176], pursuant to the Innocence Protection Act ("IPA"), 18 U.S.C. § 3600, and the DNA aspect of his 2006 action seeking to prosecute successive § 2255 claims. Upon re-inspection of Ms. Mumma's Notice of Appearance [DE- 177], and in light of the Notice of Waiver [DE-241], the court now understands that her appearance herein is general, rather than limited only to the IPA and DNA-related claims contained in these post-conviction proceedings.

## *ORDER to FILE AFFIDAVIT*

In order to avoid any future misunderstanding concerning MacDonald's representation status, Ms. Mumma is DIRECTED to file within **fourteen (14) days** hereof, MacDonald's own affidavit (a) declaring that he understands he is entitled to court-appointed counsel with regard to the evidentiary hearing on the § 2255 claims properly under consideration herein, but that he nevertheless intentionally and voluntarily waives the right to court-appointed counsel; and (b) confirming that Ms. Mumma is counsel of record for him in all respects and as to all his claims encompassed by this case No. 75-CR-26-3-F/5:06-CV-23-F (E.D.N.C.). MacDonald's obligation to comply with requirements of Local Criminal Rule 44.1 and Local Civil Rule 5.2, is a

continuing one. **If MacDonald chooses to represent himself without an attorney as to any aspect of his pending litigation in this court, he shall so state under oath, identifying the issues for which he intends to proceed pro se.**

## *NOTICE CONCERNING REIMBURSEMENT ATTORNEY'S FEES*

Additionally, MacDonald and Ms. Mumma are reminded that the court will enter an order requiring that CJA attorney's fees and expenses awarded to MacDonald's former court-appointed counsel,[1] Ms. Berry, be reimbursed from The MacDonald Defense Fund ("The Fund"). MacDonald disclosed the existence of The Fund in his Reply [DE-197], supported by the affidavit of Fund Administrator Raymond M. Shea. *See also* Notice of Filing [DE-206]; Order [DE-207]. Upon inquiry by the court [DE-201 & -205], Mr. Shea submitted his affidavit stating the balance of The Fund as of November 17, 2011, and declaring that the "assets that are or will be collected in the MacDonald Defense Fund will, in fact, be available to reimburse the Criminal Justice Act program for fees paid pursuant to that Act to an attorney appointed to represent Jeffrey R. MacDonald." Notice of Filing [DE-206], Exh. 3; *see also id.*, Exh. 2. The court has not yet received Ms. Berry's CJA fee application, but will process it and enter the appropriate orders as quickly as possible.

SO ORDERED.

This, the 1st day of March, 2012.

JAMES C. FOX
Senior United States District Judge

---

[1] When several of MacDonald's retained and/or *pro bono* attorneys moved to withdraw in late 2011, MacDonald filed a Motion for Appointment of Counsel. *See* [DE-191]; *see also* [DE-197 & -198].